***********
The Full Commission reviewed the prior Opinion and Award, based upon the record of the proceedings before Deputy Commissioner Baddour and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award, except for minor modifications. Accordingly, the Full Commission affirms the Opinion and Award of Deputy Commissioner Baddour with minor modifications.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties as:
 STIPULATIONS
1. All parties are properly before the Commission and the Commission has jurisdiction of the parties and the subject matter.
2. An employee-employer relationship existed between the parties at all relevant times.
3. Evans Machinery was insured by Legion Insurance, a predecessor of the North Carolina Insurance Guaranty Association, on June 29, 2002.
4. Evans Machinery was insured by Everest Insurance Company on July 8, 2003.
 *********** EXHIBITS
The following exhibits were admitted into evidence before the Deputy Commissioner:
(a)Stipulated Exhibit 1: Pre-Trial Agreement
(b)Stipulated Exhibit 2: Plaintiff's Medical Records
(c)Stipulated Exhibit 3: Form 22 Wage Charts
(d)Stipulated Exhibit 4: Payroll History
(d)Defendant Everest Insurance Exhibit 1: Incident Investigation Form
 *********** ISSUES
(a) What benefits, if any, is plaintiff entitled to receive as a result of his admittedly compensable injury by accident to his back on June 29, 2002 (I.C. No. 351523); and,
(b) Whether plaintiff sustained a compensable new injury, or compensable aggravation, to his back as a result of a specific traumatic incident occurring on July 8, 2003 (I.C. No. 396203)? If so, what benefits, if any, is plaintiff entitled to receive for this date of injury.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff sustained an admittedly compensable injury to his lower back while working for Evans Machinery on June 29, 2002. At the time of his injury, plaintiff was employed as a sandblaster and helper. Plaintiff and a co-worker were moving a 500-pound steel I-beam on a roller when the beam slid off the roller. As plaintiff attempted to hold onto the beam, he felt a pop in his back and fell to the ground.
2. Legion Insurance Co., now insolvent, was the insurance carrier for Evans Machinery at the time of plaintiff's accident on June 29, 2002 (IC File Number 351523).
3. After the accident, a co-worker took plaintiff to the emergency room where he was diagnosed with a lumbar back strain. Thereafter, plaintiff returned to work full duty.
4. While plaintiff continued to experience some back pain and numbness in his left leg following the June 29, 2002 accident, he was able to continue working his heavy labor job at full duty, including working overtime hours.
5. On March 23, 2003, plaintiff reported to the emergency room at Wilson Medical Center with complaints of tingling and sharp pain in his left leg. He was diagnosed with back strain, given a Toradol injection, and prescribed pain medication. Following this emergency room visit, plaintiff continued to work full duty.
6. The pain in plaintiff's back increased gradually in the three days prior to July 8, 2003, but plaintiff continued to work full duty until he suffered a second incident at work on July 8, 2003.
7. On July 8, 2003, plaintiff was assigned to work with a "road crew" that was installing equipment during the night shift at the Universal Leaf tobacco plant in Castalia, North Carolina. Plaintiff and another worker were attempting to lift a 100-pound pipe to hang it overhead, when plaintiff felt a sharp and sudden pain in his back. Plaintiff was immediately unable to continue working his regular job and did light work the remainder of his shift. The night shift started in the evening on July 8, 2003 and ended on the morning of July 9, 2003.
8. Everest Insurance Company was the insurance carrier for Evans Machinery at the time of this incident on July 8, 2003. (IC File Number 396203)
9. On July 9, 2003, plaintiff was treated at Wilson Medical Center for right lower back tenderness, back spasms and pain radiating down his right leg. Prior to the July 8, 2003 incident, plaintiff had not suffered from pain in his right leg. He was diagnosed with a pulled muscle, given pain medication, and told to follow up with his family doctor.
10. Plaintiff then saw Dr. Nelms, his family doctor, who ordered a MRI that was done on July 21, 2003. The MRI showed mild changes of degenerative disk disease at L5-S1 with a mild posterior disk bulge and some mild narrowing of the right L5-S1 neural foramen secondary to disk bulge. It was Dr. Nelms' opinion that plaintiff's condition was an impingement.
11. On July 30, 2003, plaintiff was evaluated by Dr. Samuel St. Clair. Dr. St. Clair diagnosed plaintiff with lumbar back pain with no clear radicular pattern. Plaintiff was treated with a 12-day steroid pack and physical therapy.
12. On October 9, 2003, the plaintiff was evaluated by Dr. Leonard D. Nelson, of Raleigh Orthopaedic Clinic, for a possible spinal fusion. Dr. Nelson diagnosed plaintiff with degenerative disk disease at L5-S1 with a mild disk bulge.
13. On October 28, 2003, at the request of Dr. Nelson, plaintiff consulted with Dr. Erhan C. Atasoy. Dr. Atasoy performed a discogram and post-discogram CT scan that revealed a minimal broad-based disk bulge at L4-L5 and an anterior disk herniation at L5-S1.
14. On November 6, 2003, plaintiff returned to Dr. Nelson to review the discography. Plaintiff elected to proceed with a fusion of L4 to S1. Prior to the surgery, Dr. Nelson referred plaintiff to Dr. Ken Rich, a neurosurgeon, for consultation regarding a spine technique that Dr. Rich would perform at the time of plaintiff's surgery to allow Dr. Nelson to perform the fusion.
15. On December 12, 2003, plaintiff underwent back surgery by Dr. Rich and Dr. Nelson. For the first half of the procedure, Dr. Rich performed a hemilaminotomy of L4-5 and L5-S1, followed by exposure of the posterolateral left facets at L4-5 and L5-S1. At that point, Dr. Nelson performed a lumbar fusion at L4-5 and L5-S1.
16. Plaintiff has been out of work since the incident on July 8, 2003 and has not yet been released to return to work by his physicians.
17. Dr. Nelson, plaintiff's orthopedic surgeon, testified that it was significant that plaintiff was able to return to work after the June 2002 accident doing his regular job and working demanding hours. He also thought it was significant that plaintiff's radiating leg pain changed sides from left to right after the second injury. Dr. Nelson further testified that it was likely that plaintiff recovered from the injury of June 29, 2002 if he was able to go back to his regular job and do heavy work for over a year. Finally, it was Dr. Nelson's medical opinion that the July 8, 2003 event aggravated or accelerated plaintiff's pre-existing back condition.
18. Dr. Rich testified that he would defer to the opinions of Dr. Nelson. Greater weight is given to the opinions of Dr. Nelson as plaintiff's treating orthopaedic surgeon, as opposed to the opinions offered by Dr. James Lipsey and Dr. Delano Curling, who were retained by the insurance carriers in this matter to offer opinions based upon a review of plaintiff's medical records.
19. Based upon the greater weight of the competent evidence of record, including the credible and consistent testimony of the plaintiff and his witnesses, and including the credible testimony of Dr. Nelson, the Full Commission finds that plaintiff suffered a new back injury, or an aggravation of a pre-existing condition, caused by his lifting incident at work on July 8, 2003. This new injury or aggravation resulted in plaintiff's inability to work and medical treatment, including back surgery, following the July 8, 2003 incident.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. Plaintiff sustained a compensable injury by accident to his back arising out of and in the course of his employment on June 29, 2002. N.C. Gen. Stat. § 97-2(6).
2. Plaintiff is entitled to payment by the North Carolina Insurance Guaranty Association of medical expenses incurred through July 7, 2003 as a result of the June 29, 2002 accident as may reasonably be required to effect a cure, provide relief, or lessen the period of disability. N.C. Gen. Stat. §§ 97-2(19); 97-25.
3. Plaintiff sustained a compensable new injury, or aggravation of a pre-existing condition, resulting from a specific traumatic incident arising out of and in the course of his employment on July 8, 2003. N.C. Gen. Stat. § 97-2(6).
4. As a result of the July 8, 2003 incident, plaintiff is entitled to payment by Everest Insurance Company of total disability compensation from July 9, 2003 and continuing until plaintiff returns to work or until further order of the Commission. N.C. Gen. Stat. § 97-29.
5. Plaintiff is entitled to payment by Everest Insurance Company of medical expenses incurred after July 8, 2003 as a result of the July 8, 2003 incident as may reasonably be required to effect a cure, provide relief, or lessen the period of disability, including plaintiff's back surgery. N.C. Gen. Stat. §§ 97-2(19); 97-25.
 ***********
Based upon the foregoing stipulations, findings of fact, and conclusions of law, the Full Commission enters the following:
 A W A R D
1. Defendant North Carolina Insurance Guaranty Association shall pay for plaintiff's medical expenses incurred through July 7, 2003 as a result of the June 29, 2002 accident as may reasonably be required to effect a cure, provide relief, or lessen the period of disability.
2. Subject to the attorney's fee approved below, defendant Everest Insurance Company shall pay total disability compensation to plaintiff for the period from July 9, 2003 and continuing until plaintiff returns to work or until further order of the Commission. As much of said compensation as has accrued shall be paid in a lump sum.
3. Defendant Everest Insurance Company shall pay for plaintiff's medical expenses after July 8, 2003 as a result of the July 8, 2003 incident as may reasonably be required to effect a cure, provide relief, or lessen the period of disability, including plaintiff's back surgery.
4. A reasonable attorney's fee in the amount of twenty-five percent (25%) is hereby approved to be deducted from sums due plaintiff and paid directly to plaintiff's counsel in one lump sum of the accrued amount due plaintiff and thereafter by deducting every fourth compensation check due plaintiff.
5. Defendant Everest Insurance Company is hereby ORDERED to make payments to the plaintiff as provided herein during any period of appeal from this Opinion and Award.
6. Defendant Everest Insurance Company shall pay the costs due the Commission.
This 15th day of December 2006.
S/___________________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
 S/_____________ BERNADINE S. BALLANCE COMMISSIONER
 S/_______________ THOMAS J. BOLCH COMMISSIONER